```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

ESL Credit Union,              :

      Plaintiff,            :

    v.                         :      Case No. 2:16-cv-989

Craig T. Tauterrouff,          :      JUDGE MICHAEL H. WATSON
                                                        Magistrate Judge Kemp

      Defendant.            :

## REPORT AND RECOMMENDATION

    As the Court noted in its order dated October 18, 2016 (Doc. 4), Plaintiff ESL Credit Union filed this action in the Municipal Court of Delaware County, Ohio, seeking to recover a consumer debt allegedly incurred by Defendant Craig T. Tauterrouff. The amount of the debt, as alleged in the complaint, is $5,116.74. Mr. Tauterrouff filed an answer and also counterclaimed, raising both defenses and claims arising under federal law, including the Fair Credit Reporting Act and the Fair Debt Collection Practices Act. ESL then removed the case to this Court, asserting that the presence of federally-based claims made the case removable under 28 U.S.C. §1441 because the Court has subject-matter jurisdiction over the counterclaims and defenses under 28 U.S.C. §1331 (federal question jurisdiction).

    The Court's prior order, citing <u>Chase Manhattan Mortg. Corp. v. Smith</u>, 507 F.3d 910, 915-16 (6th Cir. 2007), and <u>Miami Valley Hospital v. Berning</u>, 2015 WL 6159485, *4 (S.D. Ohio Oct. 20, 2015), which hold that the presence of federal law claims in defenses or counterclaims does not confer removal jurisdiction on the Court, directed Plaintiff to show cause within fourteen days why the case should not be remanded to the Delaware County, Ohio Municipal Court. Plaintiff responded by filing a motion to remand, essentially conceding that this Court lacks removal jurisdiction. For the reasons set forth in the prior order, and

based on the authority cited in that order, it is recommended that the motion to remand (Doc. 5) be granted and that this case be remanded to the Delaware County, Ohio, Municipal Court.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge